UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – CLEVELAND

| | | |
|---|---|---|
| LASHAUNDA MASON,<br>3470 Lowell Drive<br>Columbus, Ohio 43204 | : <br> : <br> : <br> : | Case No.<br><br>Judge |
| Plaintiff, | : <br> : | |
| vs. | : <br> : | |
| OHIO DEPARTMENT OF<br>REHABILITATION AND<br>CORRECTION – RICHLAND<br>CORRECTIONAL INSTITUTION,<br>1001 Olivesburg Road<br>Mansfield, Ohio 44901 | : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Lashaunda Mason (hereafter "Plaintiff"), by and through undersigned counsel, and files her Complaint against Defendant Ohio Department of Rehabilitation and Correction – Richland Correctional Institution (hereafter "Defendant") states and avers as follows:

## THE PARTIES

1.      Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e(f), the Americans with Disabilities Act, 42 U.S.C. § 12111(4),), and Ohio Title 4112.

2.      Defendant is located in Richland County, Ohio at the Richland Correctional Institution and is a cabinet level department of the State of Ohio.. At all times alleged herein, Defendant was Plaintiff's employer as the same has been defined by Title VII of the Civil Rights

1

Act of 1964 as amended, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, 42 U.S.C. § 12111(5), and Ohio Title 4112.

## JURISDICTION AND VENUE

3.     Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331, 42 U.S.C. §2000e, and 42 U.S.C. § 12101 *et seq.*. Supplemental jurisdiction over Plaintiff's state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Northern District of Ohio Eastern Division because Defendant's principal place of business in Richland County, Mansfield, Ohio.

5.     Plaintiff satisfied all pre-requisites for filing this lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the EEOC Notice is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

6.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully rewritten herein.

7.     Plaintiff is a black female.

8.     Plaintiff has worked for the Ohio Department of Rehabilitation and Corrections since June of 1995 in various institutions and positions.

9.     Most recently, Plaintiff holds the title Correction Warden Assistant 2 at Richland Correctional Institution ("RICI").

10.     Prior to working at RICI, Plaintiff worked at Franklin Medical Center ("FMC").

11.     While Plaintiff was employed at FMC, she received a five-day disciplinary suspension.

12. Plaintiff transferred to RICI while the five-day suspension was pending investigation.

13. When Plaintiff transferred to RICI, Plaintiff's supervisor was the Warden, Kenneth Black. Black is a black male.

14. Black held a meeting with Plaintiff and the Labor Relations Officer, Daniel Deskins in June of 2024. Black reduced Plaintiff's five-day suspension to an oral reprimand and closed the matter.

15. Black retired in July 2024.

16. Angela Stuff became the new Warden at RICI and Plaintiff's supervisor in August 2024. Stuff is Caucasian.

17. Plaintiff suffers from a disability which affects her everyday activities by increasing her stress levels. Plaintiff has difficulty sleeping, performing daily tasks, and managing her day. Plaintiff sought treatment from her physician.

18. Additionally, in summer 2025, Plaintiff's father was ill passed away.

19. As a result of her disability, Plaintiff took leave.

20. Plaintiff communicated with Defendant's Human Resources department to coordinate her leave. Human Resources approved Plaintiff's leave.

21. Plaintiff returned from leave on September 22, 2025.

22. The next day, on September 23, 2025, Stuff re-issued the five-day suspension to Plaintiff that Warden Black previously reduced and closed.

23. Stuff informed Plaintiff that she reissued the discipline because Plaintiff had "disrespected her" by not communicating with her about Plaintiff's leave.

24. After Plaintiff returned from leave, Defendant reduced Plaintiff's job duties. For example, Plaintiff's job duties such as media public information officer, monitoring the Richland email, and keeping track of the cash for the cashiers were taken away from Plaintiff and given to Brandy Acmoun and Mindy Sites.

25. Acmoun and Sites are both white and not disabled.

26. Since returning from leave, Plaintiff has applied to other positions within the ODRC but has been denied transfers.

<u>**COUNT I – DISABILITY DISCRIMINATION**</u>
**ADA & Ohio Title 4112**

27. Plaintiff incorporates all allegations set forth in the preceding paragraphs as if fully rewritten herein.

28. The Americans with Disabilities Act ("ADA") prohibits employers from discriminating against an employee on the basis of her disability. *See* 42 USC § 12112 and Ohio Title 4112.

29. Plaintiff is disabled as defined by the ADA and Ohio Title 4112.

30. Plaintiff was qualified with or without reasonable accommodation to perform the essential functions of her job.

31. By reducing Plaintiff's job duties, denying her a transfer, issued her discipline, and treating Plaintiff differently than her non-disabled coworkers, Defendant discriminated against Plaintiff on the basis of her disability.

32. Defendant's discriminatory actions were motivated by discriminatory animus toward Plaintiff's disability.

33. As a result of Defendant's disparate treatment, Plaintiff suffered an adverse employment action.

34.     As a result of Defendant's discriminatory actions, Plaintiff is entitled to all damages as provided by 42 USC § 12101, Ohio Title 4112, and common law including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, an amount to be determined at trial.

## COUNT II – SEX DISCRIMINATION
### Title VII & Ohio Title 4112

35.     Plaintiff hereby incorporates all allegations set forth in the preceding paragraphs as if fully rewritten herein.

36.     Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her gender, female.

37.     Plaintiff is a member of a protected class, female, and was qualified for the position.

38.     Defendant reduced Plaintiff's job duties, denied her a transfer, issued her discipline, and treated Plaintiff differently than her similarly situated coworkers for pre-textual reasons because of her gender, all in violation of 42 USC § 2000(e) and Ohio Title 4112.

39.     By treating Plaintiff differently and otherwise discriminating against her on the basis of her gender, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended and Ohio Title 4112.

40.     As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

## COUNT III – RACE DISCRIMINATION TITLE VII

41.    Plaintiff hereby incorporates all of her allegations set forth in the preceding paragraphs as if fully rewritten herein.

42.    Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her race, African American.

43.    Plaintiff is a member of a protected class, African American, and was qualified for the position.

44.    Defendant reduced Plaintiff's job duties, denied her a transfer, issued her discipline, and treated Plaintiff differently than her similarly situated coworkers for pre-textual reasons because of her race, all in violation of 42 USC § 2000(e).

45.    Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

46.    By treating Plaintiff differently and otherwise discriminating against her on the basis of her race, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended.

47.    As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

**WHEREFORE**, Plaintiff Lashaunda Mason prays that this Court award a judgment against Defendant Ohio Department of Rehabilitation and Correction – Richland Correctional Institution on all counts, for compensatory and punitive damages including, but not limited to,

6

emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst

Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 232-8692
Facsimile:     (614) 469-7170
Email: Erica@ksrlegal.com
             ASalvino@ksrlegal.com
*Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst

Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone:     (614) 232-8692
Facsimile:     (614) 469-7170
Email: Erica@ksrlegal.com
          ASalvino@ksrlegal.com
*Counsel for Plaintiff*

8